Only a question of fact is presented in this case which involves a collision between two automobiles on United States Highway *Page 89 
No. 51 about two miles south of the city of Hammond, on the night of January 5, 1940.
The plaintiff was driving south towards the Town of Ponchatoula. In his petition he alleges that on reaching a point two miles south of Hammond, he turned off of the highway, brought his car to a stop entirely off the pavement and in front of a night club known as Shady Rest. He further avers that upon bringing his car to a stop an automobile owned by the Department of Highways of the State of Louisiana, and being driven north by one of its employees, Carl Helbak, turned from the highway and ran directly into his automobile.
He alleges that the driver of that car was under the influence of intoxicating liquor at the time and that whether on account of his condition, or through gross negligence and recklessness, he drove the car from the highway, as alleged, into his car and that was the cause of the damages complained of.
He makes the necessary allegation that the driver of the state car was in the exercise of the functions for which he was employed by the Department of Highways and that as the car was insured by the American Automobile Insurance Co., he has a direct cause of action against that company and makes it, as well as the driver, parties defendant.
His demand is for the sum of $610.86 for damages to his automobile and $610 representing an amount, at $10 a day, which he avers is an expense he incurred for a period of 61 days because of the loss of the use of his car.
The defendants filed a joint answer in which they charge the plaintiff's negligence in crossing over the highway in front of the defendant's north bound car without ascertaining whether it was safe to do so as being the cause of the accident. They further charge the plaintiff with being under the influence of liquor at the time of the collision and that it was gross negligence for him to attempt to operate his car when he was in such a condition. These facts they also plead in the alternative as contributory negligence on his part in the event it be held that the defendant Helbak was negligent.
Assuming the position of plaintiffs in reconvention the defendants aver that they are entitled to recover the sum of $200 on the part of the American Automobile Insurance Co. for damage to the car operated by Helbak and $2,000 on the part of Helbak himself for personal injuries and pain and suffering.
The trial judge, without written reasons, rendered judgment in favor of the plaintiff in the sum of $589.85, from which the defendants have appealed.
The vast preponderance of the testimony supports the allegations of the plaintiff's petition and we find nothing at all in the record on which to reverse the findings of the trial judge.
The plaintiff's testimony and that also of the lady occupant of the car with him, as well as that of various witnesses who came to the scene of the accident immediately or shortly after it had happened, is all to the effect that plaintiff's car was struck at a time when it was entirely off the paved portion of the highway. The only witness who disputes that is the defendant Helbak and his testimony isn't satisfactory by any means. He admits that he had drank a couple of bottles of beer but insists that he was not intoxicated. His conduct at the scene of the accident however, according to the testimony of some of the witnesses, was anything but that of a man in a normal condition.
We do not see the necessity of going into any detailed analysis of the facts other than those just stated and under which it is clear that the trial judge correctly awarded plaintiff the amount he did for the damage done to his automobile. The amount of the award is a few dollars less than the amount prayed for and does not include the item of $610 but evidently he was satisfied with the judgment as rendered for he has not answered the appeal.
Judgment affirmed at the costs of the defendants, appellants. *Page 90